USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LAURA AND ANTHONY SICHENZIO, *individually and derivatively on behalf of Pristec America, Inc. (NJ), Pristec America, Inc. (Nev.), and Innovative Crude Technologies, Inc.*,

            Petitioners,

  v.

PRISTEC AG,

            Respondent.

20-CV-1364 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Petitioners seek confirmation of an arbitration award entered against Respondent Pristec AG.  Respondent did not oppose the Petition.  For the reasons set forth below, the Petition is granted.

## BACKGROUND

  Petitioners Joseph Laura and Anthony Sichenzio jointly own Innovative Crude Technologies, Inc. ("ICT"), a New Jersey corporation.  Pet. ¶¶ 4, 13.  Respondent Pristec AG ("PAG") is a "joint stock company organized under the laws of the Republic of Austria."  *Id.* at ¶ 7.  Based on the organizational chart included in paragraph 13 of the Petition, Petitioners, through ICT, and Respondent each appear to own a 50% stake in two subsidiaries of PAG—Pristec America, Inc. (New Jersey) ("PAI-NJ") and Pristec America, Inc. (Nevada) ("PAI-NV").  *Id.* at ¶ 13.  ICT, PAI-NJ, and PAI-NV, collectively, form the "U.S. Pristec Companies" and, together with PAG, they form the "Pristec Companies."  *See id.* at 1 n.1; *see also id.* ¶ 13.

  In early 2017, Respondent sought to "formally acquire" ICT from Petitioners—including ICT's shares of PAI-NJ and PAI-NV—thereby consolidating the U.S. Pristec Companies with

PAG. *See id*. at ¶ 15. On February 8, 2017, Laura, Sichenzio, and Ruediger Nuerk (the CEO of PAG) entered into a Share Acquisition Agreement (the "SAA"), which proposed a consolidation of the Pristec Companies. *See id*.; *see also* Pet. Ex. A, Dkt. 1-1 ("SAA"). The SAA provided that Petitioners would transfer "all issued and outstanding shares of ICT to [Respondent] provided that certain preconditions were met." Pet. ¶ 15; *see also* SAA § 2(1) ("Pristec AG desires to acquire from [Petitioners] all of the issued and outstanding shares in ICT."). In the event of a dispute arising out of the SAA, the parties agreed to enter into arbitration. *See* SAA § 5(3) ("In the event that a dispute arises . . . pertaining to this agreement, the 'Parties' . . . hereby consent to present such dispute to the appropriate authority for resolution by Arbitration. The venue for the arbitration shall be New York, New York.").

On May 16, 2018, Petitioners filed a demand for arbitration with the American Arbitration Association (the "AAA") individually and derivatively on behalf of ICT, PAI-NJ, and PAI-NV. Pet. ¶ 17; *see also* Pet. at 1 n.1; Laura Decl. Ex. A, Dkt. 8-1 ("Demand for Arbitration" or "Demand"). In the Demand for Arbitration, Petitioners sought to rescind the SAA, alleging that Respondent had fraudulently induced them to enter into the SAA through various misrepresentations and concealments in order to "take unlawful control of valuable petroleum refining technology developed by [Petitioners] and to loot [the U.S. Pristec Companies] of their assets." *See* Demand ¶ 12; *see also* Pet. ¶ 18. Respondent filed an answering statement on July 30, 2018, raising several affirmative defenses to Petitioners' Demand. *See* Pet. ¶ 19; *see also* Laura Decl. Ex. B, Dkt. 8-2. Because Respondent is a foreign entity, the AAA's international division, the International Centre for Dispute Resolution (the "ICDR"), accepted administrative responsibility for the arbitration. *See* Pet. ¶ 17.

On June 10, 2019—after months of pre-hearing motion practice and a six-day evidentiary hearing, *see* Pet. ¶ 20—the arbitrator issued an award in favor of Petitioners (the "Award"). Pet. ¶ 21; *see also* Pet. Ex. B, Dkt. 1-2 ("Award"). The arbitrator found that Petitioners had "met their burden of proof that they were fraudulently induced to enter into the SAA," *see* Award at xxviii, and that Petitioners "would have refused to enter into the SAA" had Respondent disclosed its private dealings with a third-party to "freeze [Petitioners] out of the U.S. Pristec Companies and transfer rights . . . to companies controlled by [the third-party]," *see id.* at xxix.[1] The arbitrator then determined that the SAA was "void and unenforceable," declared the SAA "rescinded," and concluded that the parties were "returned to *status quo ante* positions they occupied the day before the SAA was executed." *Id*. at xxxix. The arbitrator ordered Respondent to pay, within fourteen days of the Award, the following amounts: (1) $26,586 to Petitioners for costs incurred in defending a suit initiated by Respondent in New Jersey state court, which "directly flow[ed] from the fraud perpetrated by [Respondent] that is the subject of [the] arbitration," *see id*. at xl-xli (internal quotation marks omitted), with interest accruing at a rate of 9% from February 26, 2018 (the date the New Jersey state court action commenced) through "the date the sum is paid in full by [Respondent]," *see id*. at xlii; (2) $154,835.98 in administrative expenses and arbitrators' fees incurred by Petitioners during the instant arbitration, with interest accruing at a rate of 9% from the date of the Award through "the date the sum is paid in full by [Respondent]," *see id*. at xlv; and (3) $331,614.99 in legal fees and expenses incurred by Petitioners during the instant arbitration, with interest accruing at a rate of 9% from the date of the Award through "the date the sum is paid in full by Respondent," *see id.*

---

[1] The arbitrator also found that the SAA lacked consideration, and that the preconditions of the SAA were never fulfilled by Respondent. See Award at xxiv-xxvii.

## PROCEDURAL HISTORY

On February 18, 2020, Petitioners filed the instant petition, seeking an order confirming the Award pursuant to 9 U.S.C. § 9 and entering judgment pursuant to 9 U.S.C. § 13. *See* Dkt. 1. On February 21, 2020, the Court ordered that Petitioners file and serve any additional materials by March 6, 2020; that Respondent file its opposition, if any, by April 3, 2020; and that Petitioners file their reply, if any, by April 17, 2020. *See* Dkt. 6. On March 6, 2020, Petitioners filed an additional declaration in support of the Petition. *See* Dkt. 8 ("Laura Decl."). According to a declaration of service filed on May 27, 2020, Respondent was served with and acknowledged the Petition on February 25, 2020. *See* Dkt. 10. The Award has not been vacated, modified, or corrected under 9 U.S.C. §§ 10, 11, *see* Pet. ¶ 22, and Respondent has not opposed the Petition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration, internal quotation marks, and citation omitted). Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks and citation omitted). "[T]here is no general requirement that arbitrators explain the reasons for their award." *Landy Michaels*

4

*Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109-10. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "cho[sen] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the Award. Because there is no material issue of fact in dispute to preclude enforcement of the Award, the Court agrees.

First, Petitioners have presented undisputed evidence that arbitration was appropriate in this case. In relevant part, the SAA provides:

> In the event that a dispute arises between any of the 'Parties' herein pertaining to this agreement, the 'Parties' agree to forego litigation in the Courts of New York and hereby consent to present such dispute to the appropriate authority for resolution by Arbitration. The venue for the arbitration shall be New York, New York. The 'Parties' agree to abide by and accept the decision of the arbitration authority.

SAA § 5(3). Here, the parties' dispute stems from Respondent's misrepresentations to induce Petitioners to transfer their shares of ICT to Respondent, as provided for in the SAA. The SAA's arbitration provision, therefore, encompasses the present dispute.

Second, the arbitrator indisputably acted within the scope of his authority. Pursuant to the SAA, "[t]he 'Parties' agree[d] to abide by and accept the decision of the arbitration authority." *Id*.

5

Petitioners have submitted evidence demonstrating that Respondent participated in the arbitration proceeding and was given the opportunity to present its arguments and defenses through its Answering Statement and various pre-hearing motions. *See* Award at iv-xi (recounting the procedural history of the arbitration); Pet. ¶¶ 19-21. According to the Award, the arbitrator carefully considered both parties' arguments before concluding that "Respondent . . . clearly conspire[ed] to freeze [Petitioners] out of the U.S. Pristec Companies" and that "[Petitioners] would have refused to enter into the SAA with [Respondent]" had they known about the various misrepresentations. *See* Award at xxix. Petitioners have also presented evidence that Respondent was aware that the Award was entered on their behalf, as Respondent specifically acknowledged the Award in a declaration filed in the New Jersey state court action. *See* Laura Decl. Ex. C, Dkt. 8-3, ¶ 8 ("The ICDR issued a Final Award on June 10, 2019 in favor of Messrs. Laura and Sichenzio. PAG has not challenged the award."). Moreover, Petitioners served Respondent with notice of this Petition, which Respondent also acknowledged. *See* Dkt. 10-1.

Finally, the relief granted to Petitioners was within the arbitrator's authority, and no evidence before the Court suggests that the allocation of costs by the arbitrator was improper. The arbitrator had the inherent discretion "[p]ursuant to ICDR Article 34" to "'allocate costs among the parties' in an amount that is 'reasonable, taking into account the circumstances of the case.'" *See* Award at xliii (quoting ICDR Article 34). Those costs include "the fees and expenses of the arbitrators," "the fees and expenses of the Administrator," and "the reasonable legal and other costs incurred by the parties." *See* ICDR Article 34. It was therefore within the arbitrator's discretion to allocate the costs of the New Jersey state court action and the arbitration proceeding to Respondent. Further, nothing before the Court suggests that there was anything improper about adding pre- and post-judgment interest to the Award as the arbitrator also had the authority to

"award such pre-award and post-award interest . . . as it considers appropriate, taking into consideration the contract and applicable law(s)."[2]  ICDR Article 31.

In light of the evidence submitted, Petitioners have met their burden of "demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110.  Accordingly, the Court confirms the Award.

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  July 27, 2020
  New York, New York

Ronnie Abrams
United States District Judge

---

[2] The pre- and post-judgment interest awarded in this case, at a rate of 9% per annum, is "common practice" in this district.  *See N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20-CV-00051 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum.") (internal quotation marks and citations omitted).